PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL  (1946-1956)
SIMON H. RIFKIND  (1950-1995)
LOUIS S. WEISS  (1927-1950)
JOHN F. WHARTON  (1927-1977)

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER

(212) 373-3505

WRITER'S DIRECT FACSIMILE

(212) 492-0505

WRITER'S DIRECT E-MAIL ADDRESS

esacksteder@paulweiss.com

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
LYNN B. BAYARD
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ANDRE G. BOUCHARD*
PAUL D. BRACHMAN
GERALD BRANT
ROBERT A. BRITTON
WALTER F. BROWN*
SUSANNA M. BUERGEL
JESSICA S. CAREY
JOHN P. CARLIN
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
REBECCA S. COCCARO
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
TIHITINA DAGNEW
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
KATHERINE B. FORREST
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
MANUEL S. FREY
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
ROBERTO J. GONZALEZ*
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
IAN M. HAZLETT*
BRIAN S. HERMANN
JOSHUA HILL JR.
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT HOLO
CHRISTOPHER HOPKINS
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
LUKE JENNINGS
JEH C. JOHNSON
MATTHEW B. JORDAN
CHRISTODOULOS KAOUTZANIS
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
ROBERT A. KILLIP
BRIAN KIM
KYLE J. KIMPLER
JEFFREY L. KOCHIAN
ALEXIA D. KORBERG
DANIEL J. KRAMER
ANDREW D. KRAUSE

BRIAN KRAUSE
CAITH KUSHNER
KAISA KUUSK
JACQUELINE P. LANDER
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
KOROY LUSKEY*
LORETTA E. LYNCH
ELIZABETH D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
SEAN A. MITCHELL
ERIN J. MORGAN
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
BRAD R. OKUN
SUNG PAK
CRYSTAL L. PARKER
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PERHALL
CHARLES J. PESANT
ANASTASIA V. PETERSON
JESSICA E. PHILLIPS*
AUSTIN S. POLLET*
VALERIE E. RADWANER
JEFFREY J. RECHER
JEANNIE S. RHEE*
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY B. SAMUELS
PAUL L. SANDLER
AARON J. SCHLAPHOFF
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM
SUPAN SHIM
CULLEN L. SINCLAIR
MAURY SLEVIN
KYLE SMITH
AUDRA J. SOLOWAY
SCOTT M. SONTAG
JOSHUA H. SOVEN*
MEGAN SPELMAN
ROBERT Y. SPERLING
EYITAYO ST. MATTHEW-DANIEL
SARAH STASNY
AIDAN SYNNOTT
ROBERT D. TANANBAUM
BRETTE I. TANNENBAUM
RICHARD C. TARLOWE
DAVID TARR
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
SAMUEL J. WELT
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
ADAM WOLLSTEIN
STACI YABLON
BOSCO YIU*
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
KENNETH S. ZIMAN
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

March 6, 2023

**By ECF**

Hon. Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

  Re: *Statistica Capital Ltd. et al.* v. *Signature Bank*, No. 1:23-cv-00993-ALC (S.D.N.Y.)

Dear Judge Carter:

   We represent Defendant Signature Bank ("Signature") and write pursuant to Your Honor's Individual Rule 2.A to request leave to move to dismiss the putative class action complaint filed by Statistica Capital Ltd. and Statistica Ltd. (collectively, "Statistica").

   Signature is a commercial bank.  (Compl. ¶¶ 6, 17.)  Among Signature's offerings is its digital payments platform, Signet, which leverages blockchain technology to enable its commercial clients to make payments to one another in real time.  (*Id.* ¶¶ 19–21.)

   Statistica is a trading firm and disgruntled former customer of Signature that transferred funds from its Signature accounts to accounts associated with FTX—at the time, one

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Andrew L. Carter                                                                              2

of the world's largest cryptocurrency exchanges.  (*Id.* ¶¶ 33, 88, 96, 156–63.)  Statistica alleges it was duped by FTX, including its principal, Samuel Bankman-Fried, who allegedly diverted FTX client funds to Alameda Research, another entity he operated, until November 2022, when the fraud unraveled and FTX plunged into bankruptcy.  (*See generally id.* ¶¶ 33–111.)

In an attempt to deflect blame from its own poor investment decisions, Statistica alleges that Signature should have suspected FTX's alleged wrongdoing because FTX was also a Signature customer.  Statistica seeks to hold Signature liable for aiding and abetting FTX's fraud and breach of fiduciary duty on the ground that Signature allowed its customers to transfer funds from their accounts to accounts associated with FTX.  But FTX fooled many sophisticated parties, including Statistica, and merely alleging what Signature *should* have known does not begin to meet the requirement to plead *actual knowledge* of FTX's fraud or breach of fiduciary duty.  The law is also clear that merely providing routine banking services, as Signature did here, does not constitute providing substantial assistance to a fraud or breach of fiduciary duty.  And finally, because Statistica had a contractual banking relationship with Signature, its quasi-contractual claim for unjust enrichment will not lie.  All three of Plaintiffs' claims therefore should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Statistica does not "allege sufficient facts, taken as true, to state a plausible claim for relief."  *Johnson* v. *Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013).

**<u>Statistica's Claim for Aiding and Abetting Fraud Fails.</u>**   To plead, and ultimately prove, that Signature aided and abetted FTX's alleged fraud, Statistica would have to show, among other things, Signature's "knowledge of the fraud," and that Signature "'provided substantial assistance to advance the fraud's commission.'"  *Lerner* v. *Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006) (quoting *JP Morgan Chase Bank* v. *Winnick*, 406 F. Supp. 2d 247, 252 (S.D.N.Y. 2005)).  Statistica has not, and cannot, do so.

*<u>Statistica Does Not Allege Signature's Actual Knowledge</u>*.  An aiding and abetting claim under New York law requires "actual knowledge" of the underlying fraud.  *Id.* at 292.  "[C]onstructive knowledge is not sufficient, 'nor is a lower standard such as recklessness or willful blindness.'"  *Berdeaux* v. *OneCoin Ltd.*, 561 F. Supp. 3d 379, 412 (S.D.N.Y. 2021) (quoting *Heinert* v. *Bank of Am., N.A.*, 410 F. Supp. 3d 544, 549 (W.D.N.Y 2019)).

Statistica alleges that Signature must have learned about FTX's and Alameda's operations through its ordinary-course anti-money-laundering controls, from which Signature allegedly could have inferred that FTX was engaged in fraud.  (*See* Compl. ¶¶ 114–54.)  Statistica similarly alleges that Signature must have had visibility into the alleged FTX fraud because Signature monitored virtual currency transactions on Signet, and because it employed software to analyze transactions conducted on major blockchains.  (*See id.* ¶¶ 166–85.)  These allegations simply speculate about what Signature *should* have *inferred* about FTX's operations; they in no way establish that Signature had *actual knowledge* of FTX's alleged fraud.  Even if this information had given Signature a "strong suspicion of fraud" by FTX (which Statistica has not alleged), "courts have universally deemed [this] inadequate to constitute actual knowledge."  *Berdeaux*, 561 F. Supp. 3d at 414; *see also Zamora* v. *FIT Int'l Grp. Corp.*, 834 F. App'x 622, 628 (2d Cir. 2020); *Rosner* v. *Bank of China*, 2008 WL 5416380, at *5–7 (S.D.N.Y. Dec. 18, 2008), *aff'd* 349 F. App'x 637 (2d Cir. 2009).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Andrew L. Carter                                                                                            3

        Statistica also alleges that Signature personnel had experience in the cryptocurrency industry and should have been aware of "numerous red flags" based on publicly available information about FTX. (*See id.* ¶¶ 188–204.) But it is illogical for Statistica to claim on the one hand that it was utterly unaware of FTX's alleged fraud, while at the same time asserting that this public information—which was equally available to Statistica—gave Signature actual knowledge of FTX's alleged misdeeds.

        Statistica finally alleges that Signature must have learned of the alleged FTX fraud because Signature received instructions from Statistica to make wire transfers to accounts associated with FTX, and because Statistica used Signet to transfer funds to accounts associated with FTX. (*See* ¶¶ Compl. 155–65.) But merely processing transfers for a customer establishes at most only *constructive* knowledge, not *actual* knowledge, of fraud. *See Ryan* v. *Hunton & Williams*, 2000 WL 1375265, at *9 (E.D.N.Y. Sept. 20, 2000) (citing *Williams* v. *Bank Leumi Trust Co.*, 1997 WL 289865 (S.D.N.Y. May 30, 1997)).

        ***Statistica Does Not Allege Signature's Substantial Assistance***. Statistica also cannot show that Signature provided "substantial assistance" to advance the alleged FTX fraud, which requires that "a plaintiff . . . plead facts from which the Court can infer that (1) the defendant affirmatively assisted, helped conceal, or failed to act when required to enable the fraud to proceed; and (2) 'the actions of the aider/abettor proximately caused the harm on which the primary liability is predicated.'" *Berdeaux*, 561 F. Supp. 3d at 416 (quoting *Rosner*, 2008 WL 5416380, at *12).

        Statistica alleges that Signature followed Statistica's (and other customers') orders to transfer funds from its accounts to accounts associated with FTX, and also allowed certain FTX-associated accounts to transfer funds to other FTX-associated accounts. (Compl. ¶¶ 206–32, 273.) But courts have uniformly held that the mere provision of routine banking services such as account transfers does not constitute substantial assistance, even when the transfers at issue were in some way "atypical" and suggestive of fraud. *See, e.g.*, *Heinert*, 410 F. Supp. 3d at 552 (no substantial assistance where "defendant banks 'assisted' the individual defendants by providing banking services, including making wire transfers, opening accounts, and clearing account holds . . . even where they are performed with 'atypical' frequency"); *Vasquez* v. *Hong Kong & Shanghai Banking Corp. Ltd.*, 2019 WL 2327810, at *17–19 (S.D.N.Y. May 30, 2019) (no substantial assistance where bank "received transfers from plaintiffs' bank(s) and relayed them to" foreign accounts operated by Ponzi scheme); *Rosner*, 2008 WL 5416380, at *12–13 (no substantial assistance where bank allegedly allowed fraudsters "to create accounts, transfer funds among accounts, and make withdrawals from accounts," even where transactions allegedly were "atypical and non-routine"); *Nigerian Nat'l Petroleum Corp.* v. *Citibank, N.A.*, 1999 WL 558141, at *2, 8 (S.D.N.Y. July 30, 1999) (no substantial assistance where bank was aware of a potentially fraudulent transfer but did not freeze the account).

        <u>**Statistica's Claim for Aiding and Abetting Breach of Fiduciary Duty Fails.**</u> For the same reasons, Statistica has not alleged, and cannot prove, that Signature aided and abetted FTX's alleged breach of fiduciary duty. To plead a claim for aiding and abetting breach of fiduciary duty, a plaintiff must sufficiently allege, among other things, "that the defendant 'knowingly induced or participated in the breach.'" *Baron* v. *Galasso*, 83 A.D.3d 626, 629 (2d Dep't 2011) (quoting *Kaufman* v. *Cohen*, 307 A.D.2d 113, 125 (1st Dep't 2003)). That requires

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Andrew L. Carter                                                                   4

establishing *actual* knowledge of the breach, and, as with a claim of aiding and abetting fraud, "an allegation that the defendant 'knew or should have known' about the breach of duty is insufficient to support such a claim." *Id.* (citing *Kaufman*, 307 A.D.2d at 125; quoting *Global Mins. & Metals Corp.* v. *Holme*, 35 A.D.3d 93, 102 (1st Dep't 2006)).  Statistica must also establish substantial assistance.  *See id.* (collecting cases).  Just as with aiding and abetting fraud, "[t]he provision of routine financial services to a client," such as a transfer from one account to another, "does not constitute substantial assistance to the breach of the client's fiduciary duty to another." *Parklex Associates* v. *Royal Cap. Mkts. Corp.*, 2012 WL 3590768, at *5 (N.Y. Sup. Ct. Kings Cnty. July 30, 2012), *aff'd*, 118 A.D.3d 972 (2d Dep't 2014); *see also McBride* v. *KPMG Int'l*, 135 A.D.3d 576, 579 (1st Dep't 2016).

**Statistica's Claim for Unjust Enrichment Fails.**  Statistica's final claim is equally deficient.  "[T]he existence of a valid and enforceable contract precludes an unjust enrichment claim relating to the subject matter of the contract." *Morgan Stanley & Co.* v. *Peak Ridge Master SPC Ltd.*, 930 F. Supp. 2d 532, 545–46 (S.D.N.Y. 2013) (collecting cases).  Statistica admits it was a customer of Signature (and seeks to represent a class of Signature customers); indeed, transfers from its accounts at Signature to accounts associated with FTX are the entire predicate for its claims.  (Compl. ¶¶ 156–64, 261.)  "[A] bank account is a contractual right," *Pereia* v. *Summit Bank*, 2001 WL 563730, at *13 (S.D.N.Y. May 23, 2001), directly related to the subject matter of the allegations here, *i.e.*, the provision of banking services associated with Plaintiffs' bank accounts at Signature.

Signature respectfully requests that, following the pre-motion conference, the Court permit Signature to move to dismiss the Complaint on the foregoing grounds.  We have agreed with Statistica's counsel on a briefing schedule should the Court grant leave to file the motion.

Respectfully yours,

*/s/ Elizabeth M. Sacksteder*

Elizabeth M. Sacksteder

cc:      All counsel of record (by ECF)