# FITZGERALD JOSEPH LLP

2341 Jefferson St., Ste. 200 San Diego, CA 92110 | (619) 215-1741     Jack Fitzgerald | Partner
jack@fitzgeraldjoseph.com

March 8, 2023

**VIA ECF**
Hon. Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

**RE:**   *Statistica Capital Ltd. & Statistica Ltd. v. Signature Bank*, No. 23-cv-00993-ALC

Dear Judge Carter:

We represent Plaintiffs (together "Statistica") and write in response to Defendant Signature Bank's ("Signature") March 6 letter regarding its anticipated motion to dismiss the Complaint. Dkt. No. 21, the "Letter." This action arises out of Signature's participation in the multi-billion-dollar fraud that caused the bankruptcy of FTX, a cryptocurrency exchange, and dozens of related entities. Signature argues that Statistica's claims against the bank for aiding and abetting the fraud and breach of fiduciary duty should be dismissed because Statistica does not adequately plead Signature's actual knowledge or substantial assistance. *See* Letter at 2-4. As explained below, that is wrong. Moreover, because Statistica's claims sound in tort, not contract, it has a valid unjust enrichment claim, contrary to Signature's contention. *See id.* at 4.

**Statistica States Claims for Aiding and Abetting Fraud and Breach of Fiduciary Duty**

*Statistica Sufficiently Alleges Signature's Actual Knowledge*

"[T]o satisfy the knowledge requirement the complaint must allege actual knowledge of the fraud as discerned from the surrounding circumstances, not mere constructive knowledge based on what one should have known." *Batson v. RIM San Antonio Acquisition, LLC*, 2018 WL 1581675, at *11 (S.D.N.Y. Mar. 27, 2018) (Carter, J.) (quotation omitted). While, under Rule 9(b), knowledge may be alleged generally, to sustain aiding and abetting claims, "[a] plaintiff 'must still plead the events which they claim give rise to an inference of knowledge,'" *id.*, at *12 (quoting *Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir. 1987)). Here, Statistica alleges Signature's actual knowledge in detail, including the events that give rise to an inference of its knowledge, and does not "merely alleg[e] what Signature *should* have known," nor merely allege that Signature "must have" discovered the fraud through inference, as Signature claims. Letter at 2 (citing Compl. ¶¶ 114-54).

**First**, the Complaint details Signature's regulatory due diligence requirements to know virtually everything about the entities and transactions it services. *See* Compl. ¶¶ 114-32. **Second**, it alleges Signature carried out these obligations during the relevant period. *See id.* ¶¶ 133-39. **Third**, it alleges Signature "engaged in enhanced due diligence processes and procedures when onboarding Alameda, FTX, and related entities"; then "performed ongoing monitoring over those entities";

P a g e | 1

and "[a]s part of its onboarding . . . obtained or determined" a wide variety "of information relating to each . . . entity." *See id.* ¶ 140 (identifying 17 specific pieces of information). It also alleges each entity gave Signature several specific documents conveying relevant information, *see id.* ¶¶ 142-44, and that each entity filled out an "Industry Specific Questionnaire," giving Signature even more information about their businesses, *see id.* ¶¶ 145-47.

Putting this together, Statistica alleges 10 specific facts, derived from this chain of events, "from which [Signature] had actual knowledge of the fraud" and breach of fiduciary duty. *See id.* ¶ 149. This includes that "FTX Terms of Service imposed a fiduciary duty on FTX to segregate customer funds"; that there was "no real separation between Alameda and FTX"; that "Bankman-Fried and FTX were directing customers to deposit funds intended for FTX into Alameda-controlled accounts"; that "FTX was using 'E-Money' to misappropriate customer funds"; and that the "source of Alameda and FTX's venture capital was FTX customer funds." *Id.* Compare *Heinert v. Bank of Am. N.A.*, 835 Fed. App'x 627, 632 (2d Cir. 2020) (Where a bank knows that commingling of funds is unauthorized, "knowledge of the commingling of funds may satisfy the actual knowledge requirement of a claim for aiding and abetting a breach of fiduciary duty." (citation omitted)); *Liu Yao-Yi v. Wilmington Trust Co.*, 301 F. Supp. 3d 403, 424 (W.D.N.Y. 2017) (Where "allegations suggest[] the defendant bank was aware that the fraudster owed a fiduciary duty to the plaintiffs in the care of their funds, and was commingling those funds, these assertions [a]re sufficient to state a claim for aiding and abetting breach of fiduciary duty." (citing *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 294 (2d Cir. 2006) ("[The attorney fiduciary]'s commingling of funds was not only an *indication* of a breach of fiduciary duty—it was, in and of itself, a breach."))).

But that is still just the beginning. Statistica also alleges Signature knew of the fraud and fiduciary duty breaches because Statistica not only told Signature that the funds it was depositing via Signet into an Alameda-controlled account—unknowingly—were actually intended for "FTX OTC" trading; but also, that a $9 million wire Statistica sent to North Dimension—which Signature flagged for further review—was intended for deposit to FTX for trading. *Id.* ¶¶ 155-65. Signature ignores these troubling facts when it asserts it was "merely processing transfers for a customer." *See* Letter at 3.

Even that, however, does not end Statistica's allegations of Signature's actual knowledge. Rather, the Complaint details an exceptional, highly-specialized, very much *non-routine* banking service Signature offers to some select few clients, called Signet, which converts fiat money to cryptocurrency. *See* Compl. ¶¶ 19-27, 126. Statistica alleges Signet gave Signature a "unique and particularly clear view into what was going on in the accounts of Signet participants," *id.* ¶ 171; *see generally id.* ¶¶ 166-72. By "observing and processing the transfer of funds on Signet," Statistica alleges Signature had "insight into both what was and what was *not* happening with Signet members' accounts," and as a result "knew [several] facts, from which it had knowledge of the FTX fraud[.]" *Id.* ¶ 173. These facts include that "[m]oney going into Alameda's Signet account consisted of funds deposited by FTX customers for trading on FTX"; that "Alameda did not transfer those customer funds to FTX (or anyone) for custodial safekeeping or otherwise"; that "Alameda did not provide FTX with like-value reimbursement for these deposits, such as stablecoins"; that "Alameda did not segregate the customer funds into FBO accounts or otherwise"; and that "Alameda drew those funds itself, by transferring them into other accounts it held at Silvergate Bank and elsewhere." *Id.*

Finally, the Complaint details numerous other pieces of information Signature had or was required to obtain, which bolster the Complaint's many direct allegations of Signature's actual knowledge of the FTX fraud and fiduciary duty breaches. *See id.* ¶ 150 (accusations in lawsuit that Alameda and FTX committed fraud and money laundering); ¶ 151 (high-profile cryptocurrency scam in which FTX was involved); ¶ 152 (public scrutiny and concern over the close relationship and conflicts of interest between Alameda and FTX); ¶¶ 175-85 (alleging Signature's use of enhanced blockchain analysis tools to detect money laundering); ¶¶ 186-89 (alleging Signature's expertise and close ties to the industry); ¶¶ 190-205 (alleging numerous "red flags" including the industry's reputation for fraud and crime, FTX's avoidance of U.S. regulation, and the involvement of a known fraudster as legal counsel for Alameda and FTX).

***Statistica Sufficiently Alleges Signature's Substantial Assistance***

"[S]ubstantial assistance 'occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur.'" *Batson*, 2018 WL 1581675, at *11 (quoting *SPV Osns Ltd. v. UBS AG*, 882 F.3d 333, 345 (2d Cir. 2018) (quoting *Lerner*, 459 F.3d at 295)). Signature argues that Statistica fails to plead substantial assistance because the Complaint only alleges Signature provided "routine banking services such as account transfers," *see* Letter at 3. That is wrong. Contrary to Signature's suggestion the Complaint alleges only that "Signature followed Statistica's (and other customers') orders to transfer funds from its accounts to accounts associated with FTX, and also allowed certain FTX-associated accounts to transfer funds to other FTX-associated accounts," *id.* (citing Compl. ¶¶ 206-32, 273), the Complaint actually alleges numerous Signature actions and inactions that affirmatively assisted, helped conceal, or comprised a failure to act, enabling the underlying fraud and breaches to occur.

***First***, Signature failed to correct FTX's false public representations that it was integrated into Signet, and instead promoted FTX and Bankman-Fried in marketing and social media, bolstering their legitimacy. *See* Compl. ¶¶ 216-20. ***Second***, Signature provided bank accounts to various Alameda- and FTX-related entities it knew were misappropriating customer funds. *Id.* ¶¶ 222-29. ***Third***, although "Signature's Customer Identification Program (CIP) must identify when it should close an account after detecting suspicious activity," *id.* ¶ 132, Signature "continued to bank Alameda, FTX, and related shell corporations and entities even after learning of their misappropriation of FTX customer funds, breach of fiduciary duties, and other wrongdoing," and "[d]espite knowing of the fraud . . . at no point prior to FTX's bankruptcy . . . cease[d] doing business with Alameda, FTX, or Bankman-Fried, nor . . . suspend[ed], close[d], or otherwise limit[ed] Alameda, FTX, and related entities' bank accounts." *Id.* ¶¶ 230-31. *Compare Liu Yao-Yi*, 301 F. Supp. 3d at 426 (

> [W]here, as here, a plaintiff alleges that a defendant bank was aware that investor funds were being chronically sapped from fiduciary accounts and placed into other accounts for purposes that the defendant bank—allegedly—knew were not what the investors intended, the bank acquires knowledge of a breach of a fiduciary duty, and must attempt to prevent the diversion. The failure to act upon this duty represents inaction that rises to the level of 'substantial assistance' in the primary violator's fiduciary breach to the beneficiaries of the fiduciary accounts." (citing *Lerner*, 459 F.3d at 287-88, 295)).

**FITZGERALD JOSEPH LLP**

**<u>Statistica States a Claim for Unjust Enrichment</u>**

Signature argues an unjust enrichment claim is unavailable because Statistica was a customer of Signature's. *See* Letter at 4. But contrary to Signature's premise, Statistica's claims in this case do not "relat[e] to the subject matter of the contract" between the parties. *See id.* (quoting *Morgan Stanley & Co. v. Peak Ridge Master SPC Ltd.*, 930 F. Supp. 2d 532, 545-46 (S.D.N.Y. 2013)).

"Under New York law, where the damages alleged in a complaint arise from the defendant's breach of a contract, the plaintiff's remedy lies in a contractual claim, but where the claim is quasi-contractual in nature, the plaintiff may bring a claim for unjust enrichment." *SungChang Interfashion Co., Ltd. v. Stone Mountain Accessories, Inc.*, 2013 WL 5366373, at *19 (S.D.N.Y. Sept. 25, 2013) (Carter, J.) (citing *Friedman v. Wahrsager*, 848 F. Supp. 2d 278, 294-95 (E.D.N.Y. 2012) (citing *Beth Isr. Med. Ctr. V. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006))). Here, Statistica's claims do not arise from an alleged breach of Signature's contract with Statistica for the "provision of banking services associated with [Statistica's] bank accounts at Signature," *see* Letter at 4, but instead from Signature's aiding and abetting Alameda and FTX in defrauding Statistica—a tort. *See In re Bayou Hedge Funds Inv. Litig.*, 472 F. Supp. 2d 528, 532 (S.D.N.Y. 2007) ("[A]iding and abetting liability under . . . New York law is premised on the Restatement of Torts (Second)'s analysis of third party liability for another's wrongdoing."). Statistica's unjust enrichment claim is therefore viable.

Respectfully submitted,

/s/ Jack Fitzgerald

Jack Fitzgerald
*Counsel for Plaintiffs*

cc:   All counsel of record, by ECF