UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **STATISTICA CAPITAL LTD and STATISTICA LTD.**, on behalf of themselves, all others similarly situated, and the general public,<br><br>                        **Plaintiffs**,<br><br>           -against-<br><br>**SIGNATURE BANK,**<br><br>                        **Defendant.** | Case No. : 1:23-cv-00993-ALC |

## NOTICE OF SUBSTITUTION

The Federal Deposit Insurance Corporation ("FDIC") in its capacity as Receiver for Signature Bank ("FDIC-Receiver"), without waiving any rights with respect to this action, hereby files this notice of substitution of the FDIC-Receiver for defendant Signature Bank ("Signature Bank") and respectfully states:

1. The FDIC is a corporation organized and existing pursuant to an Act of Congress of the United States known as the Federal Deposit Insurance Act, 12 U.S.C. § 1811 *et seq.*, with its principal place of business located in Washington, D.C.

2. On March 12, 2023, the New York State Department of Financial Services closed Signature Bank and appointed the FDIC as the Bank's receiver. The FDIC accepted that appointment on March 12, 2023. Pursuant to that appointment, the FDIC-Receiver took charge of Signature Bank's affairs. A copy of the appointment letter and acceptance is attached hereto as Exhibit A.

3. As a result of that appointment and pursuant to 12 U.S.C. § 1821(d)(2)(A), the FDIC-Receiver succeeded by operation of law to "all rights, titles, powers, and privileges" of the

failed institution. By law, the FDIC-Receiver is charged with the duty of winding up Signature Bank's affairs and is statutorily authorized to resolve all outstanding claims against Signature Bank. *See* 12 U.S.C. § 1821(d)(2)(A)-(B) and § 1821(d)(3)-(13) (setting forth mandatory administrative claims process). Accordingly, the FDIC-Receiver is now the real party-in-interest to oppose the claims asserted in this action against Signature Bank. *Allen v. FDIC*, 710 F.3d 978, 981-82 (9th Cir. 2013) (upon substitution the FDIC immediately becomes the real party in interest).

4. Under these facts, the substitution of the FDIC-Receiver is required by law. Because the "failed institution ceases to exist," the FDIC-Receiver is "automatically substituted for the failed institution as a matter of federal law the moment that it files a notice of substitution in court." *FDIC v. North Savannah Properties, LLC*, 686 F.3d 1254, 1260 (11th Cir. 2012). *See Allen,* 710 F.3d at 982 (substitution of the FDIC is essentially a ministerial matter); *Buczkowski v. FDIC*, 415 F.3d 594, 597 (7th Cir. 2005) ("Any litigant, or the court on its own motion, can substitute the FDIC for the failed bank as a party").

WHEREFORE, the FDIC as Receiver for Signature Bank respectfully requests that this Court take notice of its substitution as the proper defendant in this action in place and stead of Signature Bank.

Dated: March 15, 2023

**FEDERAL DEPOSIT INSURANCE CORPORATON AS RECEIVER FOR SIGNATURE BANK**

By its attorneys

/s/ Rosemary Q. Barry
Rosemary Q. Barry, Counsel
Federal Deposit Insurance Corporation
New York Legal Services Office
350 Fifth Avenue, Suite 1200
New York, New York 10118
Telephone: (917) 320-2862
Email: rbarry@fdic.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of March 2023, the foregoing document was filed with the Clerk of the Court and served via ECF in accordance with the Federal Rules of Civil Procedure and the Southern District's Local Rules and Rules on electronic service.

/s/ Rosemary Q. Barry