UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATISTICA CAPITAL LTD and STATISTICA LTD., on behalf of themselves, all others similarly situated, and the general public,<br><br>**Plaintiffs,**<br><br>-against-<br><br>SIGNATURE BANK,<br><br>**Defendant.** | Case No. : 1:23-cv-00993-ALC |

**MEMORANDUM OF LAW IN SUPPORT OF FDIC-RECEIVER'S MOTION
TO STAY ALL JUDICIAL PROCEEDINGS**

Pursuant to 12 U.S.C. § 1821(d), the Federal Deposit Insurance Corporation ("FDIC"), in its capacity as Receiver for Signature Bank ("FDIC-Receiver" or "Receiver"), submits this memorandum in support of its motion for a stay of all judicial proceedings as to all parties (i) pending the completion by named Plaintiffs of the administrative claims process mandated by the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), as codified at 12 U.S.C. § 1821(d), or (ii) in the alternative, for ninety (90) days pursuant to the mandatory stay provision in 12 U.S.C. § 1821(d)(12)(B).

**PRELIMINARY STATEMENT**

Under FIRREA, Congress created a comprehensive administrative claims process to efficiently resolve claims involving FDIC receiverships. 12 U.S.C. §§ 1821(d)(13)(D), 1821(d)(6)(A). To ensure that claimants comply with that claims process, FIRREA divests courts of jurisdiction over (1) "any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver" and (2) "any claim relating to any act or omission of such

institution or the [FDIC] as receiver"— unless the claimant has first exhausted the administrative claims process. *Id*. That mandatory claims process applies to <u>all</u> claimants, including claimants—like those here —who filed litigation against Signature Bank before the Receiver's appointment. Under these circumstances, a stay of all judicial proceedings is necessary to permit named Plaintiffs to exhaust that mandatory process.

## BACKGROUND

On February 6, 2023, named Plaintiffs Statistica Capital and Statistica LTD (collectively, "<u>Statistica</u>"), customers of former cryptocurrency exchange FTX, commenced this putative class action against Signature Bank ("<u>Signature</u>" or the "<u>Bank</u>"). Plaintiffs claim that Signature had "actual knowledge of and substantially facilitated the now-infamous FTX fraud" against its customers. (Complaint, ¶ 1.) Plaintiffs claim that they have been unable to recoup approximately $2 million that they intended to send to FTX via Signet, Signature's blockchain payments based solution. (*Id.*, ¶ ¶ 23, 263-64.) Plaintiffs assert claims against the Bank for aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and unjust enrichment, and seek to recover statutory, compensatory and punitive damages. (*Id.*, ¶¶ 274-89, ¶ 290.)

On March 12, 2023, the New York State Department of Financial Services closed Signature and appointed the FDIC as the Bank's Receiver. As a result of that appointment and pursuant to 12 U.S.C. § 1821(d)(2)(A), the FDIC-Receiver succeeded by operation of law to all the rights, titles, powers, and privileges of the Bank. The FDIC-Receiver is now charged with the duty of winding up the Bank's affairs and resolving all outstanding claims against Bank, including the claims in this action. *See* 12 U.S.C. §§ 1821(d)(2)(A)(i), 1821(d)(3).

On March 15, 2023, the FDIC-Receiver substituted into the action in place of the closed institution. On March 16, 2023, Plaintiffs filed an amended complaint adding four Bank

executives as defendants. The FDIC-Receiver now moves this Court to stay this case pending completion of the administrative claims process mandated by FIRREA.[1]

## ARGUMENT

**I.     FIRREA Requires that the Action Be Stayed Pending the Completion of the Administrative Claims Process Established in 12 U.S.C. § 1821(d).**

"In enacting FIRREA, Congress anticipated that, as a receiver for failed lending entities, the [FDIC] would face numerous claims from various parties." *Stamm v. Paul*, 121 F.3d 635, 639 (11th Cir. 1997). Thus, "[o]ne of the important goals of FIRREA is to enable the receiver to efficiently determine creditors' claims and preserve assets of the failed institution without being burdened by complex and costly litigation." *National Union Fire Ins. Co.*, 28 F.3d 376, 388 (3d Cir. 1994). To accomplish that goal, FIRREA establishes a mandatory administrative claims process that is codified at 12 U.S.C. §§ 1821(d)(3)-(13).

**A.  The Mandatory Administrative Claims Process.**

Specifically, the administrative claims procedure, codified in 12 U.S.C. §§ 1821(d)(3)-(13), creates the following steps:

1.     All claimants, including claimants with litigation pending against the failed institution at the time of the receiver's appointment, must file claims with the receiver and await the receiver's determination of their claim before taking further action in the suit. 12 U.S.C. § 1821(d)(6)(A). The failure to file a claim bars any further right to pursue the claim. 12 U.S.C. § 1821(d)(5)(C).

---

[1] On March 16, 2023, the Court ordered the parties to submit a joint status report by March 22, 2022, setting forth the FDIC-Receiver's position on the amended complaint and Plaintiffs' position on the FDIC-Receiver's anticipated motion for a stay. [Dkt # 33.]

  2.  After a claim is filed, the receiver has 180 days to determine whether to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A). This period may be extended by written agreement between the receiver and the claimant. 12 U.S.C. § 1821(d)(5)(A)(ii).

  3.  If the receiver disallows a timely claim (or the 180-day period expires without action by the receiver), the claimant has sixty days after the date of the notice of disallowance to file suit for a *de novo* judicial determination of the claim (or to continue any pre-receivership litigation). 12 U.S.C. § 1821(d)(6)(B).[2]

To ensure that all claimants comply with the administrative claims process, Congress included a jurisdictional bar in FIRREA. Specifically, Section 1821(d)(13)(D) bars the jurisdiction of all courts over all receivership claims unless jurisdiction is otherwise authorized in Section 1821(d). The only jurisdiction "otherwise provided" in 12 U.S.C. § 1821(d) is contained in Section 1821(d)(6)(A) which provides for federal court adjudication of claims only <u>after</u> timely exhaustion of the statutory claims procedure. 12 U.S.C. §§ 1821(d)(6)(A) and 1821(d)(8)(C) (for expedited claims).

The administrative claims procedure established by FIRREA applies to any claim (i) seeking payment from, or a determination of rights with respect to, the assets of a failed bank for which the FDIC has been appointed receiver (12 U.S.C. § 1821(d)(13)(D)(i)) or (ii) relating to any act or omission of such failed bank or the receiver (*id.* § 1821(d)(13)(D)(ii)). Here, Plaintiffs' three claims against Signature (for aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and unjust enrichment) fall within both categories because those claims seek (i) to recover damages from assets of the Signature receivership estate and (ii) relate to Signature's alleged acts or omissions. *See* Complaint, ¶ 3 (Plaintiffs seek to recover

---

[2] Although the statute authorizes creation of an administrative hearing procedure following disallowance, FDIC has elected not to create one.

compensation for damages suffered as a result of "Signature's malfeasance.")  Accordingly, those claims must be exhausted.

Courts in this Circuit have consistently held that all claimants must exhaust the mandatory receivership claims process before seeking judicial review of any claim within the scope of Section 1821(d)(13)(D). *Carlyle Towers Condo. Ass'n, Inc. v. FDIC,* 170 F.3d 301, 307 (2d Cir. 1999) (FIRREA "creates a requirement that all claims must be presented to the FDIC before a claimant may seek judicial review."); *Resolution Trust Corp. v. Elman*, 949 F.2d 624, 627 (2d Cir. 1991) ("[FIRREA] means just what it says . . . that a claimant must first present its case to the RTC under the administrative procedure erected by FIRREA before seeking relief in the federal courts." *Accord Marquis v. FDIC*, 965 F.2d 1148, 1151 (1st Cir. 1992) ("[FIRREA] makes participation in the administrative claims review process mandatory for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver.")[3]

### B. A Stay Will Allow for the Exhaustion of the Mandatory Claims Process.

The Bar Date for filing claims against the Signature Bank Receivership is July 17, 2023. As of the date of this filing, the Signature Bank Receivership claims database does not show that any claim has been received from Plaintiffs. The Claims Agent for the FDIC-Receiver will shortly be sending each Plaintiff, in care of their counsel, a Notice to Present Proof of Claim.[4]

---

[3] *Caires v. FDIC*, No. 16-CV-02651 (JGK), 2017 WL 1393735, at *3 (S.D.N.Y. Apr. 18, 2017) ("§ 1821(d)(13)(D) deprives courts of subject matter jurisdiction over claims against an institution in FDIC receivership until the claimant complies with a mandatory statutory claims procedure.") (citations and internal quotation marks omitted); *Augienello v. FDIC*, 310 F.Supp.2d 582, 588 (S.D.N.Y. 2004) (FIRREA requires all claimants to file claims with receiver and only "provides for federal court adjudication of claims after exhaustion of the claims procedures").

[4] Information regarding the procedure for submitting a claim is available at https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/signature-ny.html#claim.

Thus, this case should be stayed pending the completion of the claims process described above. Such a stay is warranted, insofar as Plaintiffs have yet to file claims, the FDIC-Receiver may take up to 180 days to consider such claims, and the Plaintiffs have 60 days following the FDIC-Receivers' decision on their claims (or implied denial) within which to take affirmative steps to continue the litigation. *See* pp. 3-4 *supra* (describing claims process procedures).

Because the administrative claims process is mandatory, "allowing a claimant simultaneously to pursue administrative and judicial remedies would thwart Congress' purpose in enacting FIRREA." *Carney v. FDIC*, 19 F.3d 950, 955-56 (5th Cir. 1994) (citation and internal quotation marks omitted); *see also Intercontinental Travel Marketing, Inc. v. FDIC,* 45 F.3d 1278, 1283 (9th Cir. 1994) (explaining that FIRREA does not allow "claimants to pursue administrative and judicial remedies simultaneously"). For that reason, federal courts recognize that pending litigation should be stayed until the administrative review process has run its course. *See, e.g., Glover v. Washington Mut. Bank, F.A.*, 698 F.3d 139, 151 (3d Cir. 2012); *Intercontinental Travel*, 45 F.3d at 1284; *Brady Dev. Co., v. Resolution Trust Corp.*, 14 F.3d 998, 1005-06 (4th Cir. 1994); *Carney*, 19 F.3d at 955-56; *Marquis*, 965 F.2d at 1155.

Consequently, upon the receiver's request, district courts in this Circuit routinely stay pre-receivership cases to allow for the completion of an orderly administrative claims process under FIRREA. *See e.g., Tombers v. FDIC as Receiver for IndyMac Bank, F.S.B.,* Case No. 08-5068, 2009 WL 3170298, * 1 (S.D.N.Y. Sept. 30, 2009) (action stayed to permit claims process to proceed); *Cassese v. Washington Mut. Inc.*, Case No. 05-2724, 2009 WL 3599552, *4-5 (E.D.N.Y. Apr. 6, 2009) (FIRREA required stay of putative class action "to allow for an orderly administrative claims review process"); *Simms v. Biondo,* 785 F. Supp. 322, 324- 25 (E.D.N.Y. 1992) (prereceivership action stayed until claims process complete); *Somerset Invs. Corp. v. IndyMac Fed. Bank, F.S.B.*, Case No. 09-2583, 2009 WL 10709202, *2 (E.D.N.Y. Nov. 23,

6

2009) (extending stay to allow for exhaustion of claims process); *Gumowitz v. First Federal Savings & Loan Assoc. of Roanoke*, Case No. 90–8083, 1991 WL 84630, at *1 (S.D.N.Y.1991) (entering claims process stay); *Int'l Fid. Ins. Co. v. Yorkville Fed. Sav. & Loan Ass'n,* Case No. 90-3767, 1990 WL 165720, at *2 (S.D.N.Y. Oct. 1990) (staying action for period during which plaintiff proceeds with its administrative claim).[5]

In sum, based on the statutory and case authority discussed above, this Court should similarly find that FIRREA requires a stay of this action as to all parties pending the completion of the mandatory administrative claims process.[6]

## II. Alternatively, the Court Should Enter a Ninety (90) Day Stay Pursuant to the Mandatory Stay Provision in 12 U.S.C. § 1821(d)(12)(b).

In the event that this Court does not grant a stay of judicial proceedings pending the completion of the mandatory claims process, the FDIC-Receiver alternatively requests a ninety (90) day stay of these proceedings. Pursuant to 12 U.S.C. § 1821(d)(12)(A)(ii), the FDIC-Receiver may request "a stay for a period not to exceed ninety (90) days . . . in any judicial action or proceeding to which the Receiver is or becomes a party."

The granting of the ninety day stay is mandatory under 12 U.S.C. § 1821(d)(12)(B). "Upon receipt of a request by any . . . receiver pursuant to [12 U.S.C. § 1821(d)(12)(A)] for a stay of any judicial action or proceeding in any court with jurisdiction of such action or

---

[5] FIRREA requires that "*all* claims must be presented to the FDIC before a claimant may seek judicial review." *Carlyle,* 170 F.3d at 307 (emphasis added). There is no exception for class claims. Therefore, each individual member of the putative class will also be required to satisfy FIRREA's administrative exhaustion requirement. *Cassese v. Washington Mutual, Inc.* 711 F. Supp. 2d 261, 270 (E.D.N.Y. 2010).

[6] The stay should apply to the entire case, including all parties. *Cassese*, 2009 WL 3599552 at *52009. (For purposes of judicial economy, accepted practice is to stay plaintiffs' claims against all defendants). *See also Beck Business Center, Inc. v. Michigan Heritage Bank,* No. 10-CV-10914, 2010 WL 3258376, * 9 (E.D. Mich. Aug. 17, 2010); *Glover v. Washington Mutual Bank, F.A.*, No. 08-990, 2009 WL 798832, * 7 (W.D. Pa. Mar. 20, 2009).

proceeding, the court <u>shall</u> grant such stay as to all parties." 12 U.S.C. § 1821(d)(12)(B) (emphasis added).

The mandatory ninety-day stay is "separate and apart" from a stay pending the exhaustion of the claims process. *Cassese*, 2009 WL 3599552 at *4. It applies even in cases where there is no administrative claim to exhaust. The ninety-day stay's purpose is to "allow the FDIC receiver breathing room immediately upon appointment." *Id*. (internal quotation marks and citations omitted). *See* H.R.Rep. No. 54(I), 101st Cong., 1st Sess. 331 (1989), *reprinted in* 1989 U.S.C.C.A.N. 86, 127 ("The appointment of a conservator or receiver can often change the character of litigation; the [ninety day] stay gives the FDIC a chance to analyze pending matters and determine how best to proceed."). Thus, a ninety day stay and a claims process stay may both be granted in an appropriate case. *E.g., Cassese*, 2009 WL 3599552 at *4.

As set forth above, the FDIC-Receiver requests a stay pending the completion of the administrative claims process. However, if the Court decides not to grant a claims process stay, it must grant a mandatory ninety-day stay.

## CONCLUSION

For the reasons stated above, the FDIC-Receiver respectfully requests that the Court stay all judicial proceedings as to all parties (i) pending the completion by named Plaintiffs of the administrative claims process mandated by the Financial Institutions Reform, Recovery and Enforcement Act, as codified at 12 U.S.C. § 1821(d), or (ii) in the alternative, for ninety (90) days pursuant to 12 U.S.C. § 1821(d)(12)(B).

Dated: March 20, 2023

                Respectfully submitted,

                **FEDERAL DEPOSIT INSURANCE CORPORATON AS RECEIVER FOR SIGNATURE BANK**

                By its attorneys

                /s/ Rosemary Q. Barry
                Rosemary Q. Barry, Counsel
                Federal Deposit Insurance Corporation
                Legal Division
                New York Legal Services Office
                350 Fifth Avenue, Suite 1200
                New York, New York 10118
                Telephone: (917) 320-2862
                Email: rbarry@fdic.gov

                Sonya Levine, Counsel
                Federal Deposit Insurance Corporation
                Legal Division
                3501 Fairfax Drive
                Arlington, Virginia 22226
                Telephone: (703) 562-2783
                Email: slevine@fdic.gov

**Of Counsel:**
FEDERAL DEPOSIT INSURANCE CORPORATION
LEGAL DIVISION
Jeffrey E. Schmitt, Senior Counsel
3501 Fairfax Drive
Arlington, Virginia 22226
(972) 310-4937
jschmitt@fdic.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 20th day of March 2023, the foregoing document was filed with the Clerk of the Court and served via ECF in accordance with the Federal Rules of Civil Procedure and the Southern District's Local Rules and Rules on electronic service.

                                            /s/ Rosemary Q. Barry