**Crowell**

**Anand Sithian**
ASithian@crowell.com
(212) 895-4270 direct

Crowell & Moring LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
+1.212.223.4000 main
+1.212.223.4134 fax

April 18, 2024

By ECF & E-MAIL (ALCarterNYSDChambers@nysd.uscourts.gov)

The Honorable Andrew L. Carter Jr.
Thurgood Marshall United States Courthouse
Room 435
40 Foley Square
New York, NY 10007

Re:     ***Statistica Capital Ltd., et al. v. Signature Bank, et al.***, No. 1:23-cv-00993 (S.D.N.Y.)

Dear Judge Carter:

        We represent defendant Stephen Wyremski in the above-captioned matter, and write on behalf of all parties to jointly request that the Court (1) stay this action until July 31, 2024, subject to further renewal as outlined below, and (2) extend Defendants' time to respond to the Second Amended Complaint until 21 days after the stay expires. Ongoing developments in the FTX Bankruptcy Proceedings are likely to affect the Plaintiffs' claims here and any potential motion practice, and the parties believe it would be in everyone's interest, and avoid burdening the Court unnecessarily, to let those potential bankruptcy developments unfold before proceeding further here.

        By way of background, plaintiffs Statistica Capital Ltd. and Statistica Ltd. (together, "Plaintiffs"), filed a second amended complaint (the "SAC"), ECF No. 74, against Federal Deposit Insurance Corporation as the Receiver for Signature Bank (the "FDIC-R"), as well as Joseph J. DePaolo, Scott Shay, Stephen Wyremski, and Eric Howell (the "Individual Defendants," and together with FDIC-R, the "Defendants"), asserting two claims: (i) aiding and abetting fraud; and (ii) aiding and abetting breach of fiduciary duty. *See* SAC at 94-95. The Defendants' deadline to respond to the SAC, or to submit a pre-motion letter seeking to dismiss the SAC pursuant to Your Honor's Individual Practices, is April 29, 2024. *See* Order, ECF No. 67.

        Plaintiffs allege that they were customers of both the cryptocurrency exchange FTX and of Signature Bank, and their claims in the SAC stem from the alleged fraud engaged in by FTX, allegedly assisted by Defendants. In November 2022, FTX and other entities entered into Chapter 11 bankruptcy proceedings captioned *In re FTX Trading Ltd., et al.*, Case No. 22-11068 (Bankr. D. Del.) (the "FTX Bankruptcy Proceedings").

        Plaintiffs have submitted claims in the FTX Bankruptcy Proceedings seeking to recover at least $2.027 million, an amount that represents a significant portion of the amount they seek to recover from Defendants in this action. *See* SAC at 93-95. Recent court filings in the FTX Bankruptcy Proceedings indicate that the FTX debtors currently anticipate that general unsecured creditors, such as Plaintiffs, may recover some portion—which may be a significant portion—of their allowed claims in the FTX Bankruptcy

**Crowell**

Proceedings. *See In re FTX Trading Ltd. et al.*, Case No. 22-11068, ECF No. 8621, ¶ 1 (Bankr. D. Del. Mar. 5, 2024) ("[T]he Debtors currently anticipate that recoveries will be at least sufficient to pay third party customers and general unsecured creditors 100% of their allowed claims over time, measured at petition time value and subject to agreement by certain governmental creditors to voluntarily subordinate their own very large and impaired claims."). However, the timing of such recoveries and the amounts that will be recovered by such creditors is uncertain. *See id.*

Plaintiffs recently advised the Individual Defendants that they may receive meaningful updates in the FTX Bankruptcy Proceedings by the end of July 2024, which may impact the scope of this litigation. As a result, the parties submit that a stay of the action at this juncture pending developments in the FTX Bankruptcy Proceedings would conserve the resources of both the Court and the parties.

Accordingly, the parties respectfully request that the Court enter an order: (i) staying this action until July 31, 2024, subject to further renewal depending on the progress of the FTX Bankruptcy Proceedings; (ii) permitting any party to terminate the stay on two weeks notice to the parties and the Court; and (iii) extending Defendants' time to respond to the SAC until three weeks following the date upon which the stay terminates (August 21, 2024, if the stay expires on July 31, 2024).

Should the Court enter the proposed schedule above, the parties will submit a letter to the Court by July 24, 2024, with an update, including if the parties intend to request a further extension of the stay.

This is the Individual Defendants' first request for a stay, and the Defendants' first request to extend Defendants' deadline to submit a pre-motion letter to move to dismiss, or otherwise respond to, the SAC. The case was previously stayed from March 27, 2023, through December 28, 2023, on application of Defendant FDIC-R.

We remain available to discuss at Your Honor's convenience.

Respectfully submitted,

CROWELL & MORING LLP

/s/ Anand Sithian
Daniel L. Zelenko
Anand Sithian
Mara R. Lieber
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: 212-223-4000
dzelenko@crowell.com
asithian@crowell.com
mlieber@crowell.com

*Counsel for Defendant Stephen Wyremski*



Cc:    All counsel of record (via ECF only)
       Peter L. Simmons (counsel for Defendant Eric Howell) (via e-mail only)
       Stuart Steinberg (counsel for Defendant Joseph DePaolo) (via e-mail only)
       Jonathan Sperling (counsel for Defendant Scott Shay) (via e-mail only)
       Justin J. Kontul (counsel for Defendant FDIC-R) (via e-mail only)
       Jack Fitzgerald (counsel for Plaintiffs) (via e-mail only)